UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BERKLEY ASSURANCE COMPANY,

                Plaintiff,

                -against-

SUNPOWER CORPORATION,

                Defendant.
------------------------------------------------------------X

Case No. 1:23-CV-05627-JGLC

**ANSWER TO COUNTERLAIMS**

Plaintiff, BERKLEY ASSURANCE COMPANY, by and through its attorneys, PILLINGER MILLER TARALLO LLP, hereby answers Defendant, SUNPOWER CORPORATION's ("SunPower"), Counterclaims upon information and belief, as follows:

## SUNPOWER'S COUNTERLAIM AGAINST PLAINTIFF BERKLEY

## INTRODUCTION

1. In response to paragraph "43" of the Counterclaim, Berkley admits that it issued to SunPower Policy number Policy number PCAB-5013067-1120 (the "Berkley Policy"), and refers the Court to the terms, conditions and exclusions of the Berkley Policy which speak for themselves, denies the allegations to the extent they allege that the Berkley Policy provides coverage to SunPower for the claims at issue in this case and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "44" of the Counterclaim.

3. Denies the allegations contained in paragraph "45" of the Counterclaim.

4. Denies the allegations contained in paragraph "46" of the Counterclaim.

**PARTIES**

5. In response to paragraph "47" of the Counterclaim, Berkley admits that SunPower is a Delaware company and is listed as a Named Insured under the Berkley Policy. Berkley denies that SunPower is insured under the Berkley Policy for the claims at issue in this case and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "47" of the Counterclaim.

6. Admits the allegations contained in paragraph "48" of the Counterclaim.

**FACTUAL ALLEGATIONS**

A. **The Policyholder**

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "49" of the Counterclaim.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "50" of the Counterclaim.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "51" of the Counterclaim.

B. **The Berkley Insurance Policy**

10. Denies the allegations contained in paragraph "52" of the Counterclaim, except admits that Berkley issued the Berkley Policy and refers the Court to the terms, conditions and exclusions of the Berkley Policy which speak for themselves.

11. Denies the allegations contained in paragraph "53" of the Counterclaim, except admits that SunPower is the Named Insured under the Berkley Policy, and refers the Court to the terms, conditions, exclusions, and Limits of Liability in the Berkley Policy which speak for themselves.

12. Denies the allegations contained in paragraph "54" of the Counterclaim and refers the Court to the terms, conditions and exclusions of the Berkley Policy which speak for themselves.

13. Denies the allegations contained in paragraph "55" of the Counterclaim and refers the Court to the terms, conditions and exclusions of the Berkley Policy which speak for themselves.

14. Denies the allegations contained in paragraph "56" of the Counterclaim, except admits that Berkley issued the Berkley Policy to SunPower and refers the Court to the terms, conditions and exclusions of the Berkley Policy which speak for themselves.

15. Denies the allegations contained in paragraph "57" of the Counterclaim and refers the Court to the terms, conditions and exclusions of the Berkley Policy which speak for themselves.

16. Denies the allegations contained in paragraph "58" of the Counterclaim.

**C.   Wind Damage Events**

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "59" of the Counterclaim.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "60" of the Counterclaim.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "61" of the Counterclaim.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "62" of the Counterclaim.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "63" of the Counterclaim.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "64" of the Counterclaim.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "65" of the Counterclaim.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "66" of the Counterclaim.

### D. SunPower's Insurance Claim

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "67" of the Counterclaim.

26. Denies the allegations contained in paragraph "68" of the Counterclaim, except admits that by correspondence dated December 15, 2021 and January 25, 2022, Berkley was placed on notice of the Rialto Incident and Fontana Incident, respectively, and refers to the correspondence which speaks for itself.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "69" of the Counterclaim, except admits that by letter dated March 7, 2022 counsel for SunPower provided a "Notice Of Claim" to Berkley and refers the Court to the letter which speaks for itself.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "70" of the Counterclaim.

29. Denies the allegations contained in paragraph "71" of the Counterclaim.

30. Denies the allegations contained in paragraph "72" of the Counterclaim to the extent they allege that the Berkley Policy provides coverage to SunPower for the claims at issue in this case and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations.

E. **Berkley's Wrongful Denial of Coverage**

31. Denies the allegations contained in paragraph "73" of the Counterclaim.

32. Denies the allegations contained in paragraph "74" of the Counterclaim.

33. Denies the allegations contained in paragraph "75" of the Counterclaim, except admits that Berkley issued a letter dated November 9, 2022 denying coverage to SunPower Berkley and refers the Court to the letter which speaks for itself.

34. Denies the allegations contained in paragraph "76" of the Counterclaim, except admits that by letter dated January 18, 2023 counsel for SunPower responded to the November 9, 2022 letter from Berkley and refers the Court to the January 18, 2023 letter which speaks for itself.

35. Denies the allegations contained in paragraph "77" of the Counterclaim.

36. Denies the allegations contained in paragraph "78" of the Counterclaim, except admits that Berkley issued letters to counsel for SunPower, dated November 9, 2022 and February 16, 2023, and refers the Court to the letters which speaks for themselves.

37. Denies the allegations contained in paragraph "79" of the Counterclaim, except admits that Berkley met with SunPower on April 21, 2023.

38. Denies the allegations contained in paragraph "80" of the Counterclaim, except admits that Berkley met with SunPower on June 6, 2023.

39. Denies allegations contained in paragraph "81" of the Counterclaim.

40. Denies the allegations contained in paragraph "82" of the Counterclaim, except admits that SunPower sent letters dated August 18, 2023 and October 13, 2023, and refers the Court to the letters which speak for themselves.

41. Denies the allegations contained in paragraph "83" of the Counterclaim, except admits that, by letter dated August 29, 2023, Berkley advised SunPower of its coverage

determination, that there is no coverage for to SunPower for the claims at issue in this case and refers the Court to the letter which speak for itself.

42. Denies allegations contained in paragraph "84" of the Counterclaim.

43. Denies allegations contained in paragraph "85" of the Counterclaim.

44. Denies allegations contained in paragraph "86" of the Counterclaim.

45. Denies allegations contained in paragraph "87" of the Counterclaim.

46. Denies allegations contained in paragraph "88" of the Counterclaim.

47. Denies the allegations contained in paragraph "89" of the Counterclaim, except admits that a controversy exists between Berkley and SunPower.

## FIRST CLAIM FOR RELIEF

### Declaratory Relief Regarding Berkley's Duty to Defend

48. As and for a response to paragraph "90" of the Counterclaim, Berkley repeats and realleges each and every allegation contained in paragraphs "1" through "47" of this Answer to Counterclaim with the same force and effect as if set forth herein.

49. Denies the allegations contained in paragraph "91" of the Counterclaim, except admits that Berkley issued the Berkley Policy and refers the Court to the terms, conditions and exclusions of the Berkley Policy which speak for themselves.

50. Denies the allegations contained in paragraph "92" of the Counterclaim and refers the Court to the terms, conditions and exclusions of the Berkley Policy which speak for themselves.

51. Denies the allegations contained in paragraph "93" of the Counterclaim as characterized, except admits that Berkley has denied coverage for the Target Claim.

52. Denies the allegations contained in paragraph "94" of the Counterclaim.

53. Denies the allegations contained in paragraph "95" of the Counterclaim, except admits that a controversy exists between Berkley and SunPower and that Berkley and SunPower are each seeking declaratory judgment.

## SECOND CLAIM FOR RELIEF

Declaratory Judgment Regarding Berkley's Duty to Indemnify

54. As and for a response to paragraph "96" of the Counterclaim, Berkley repeats and realleges each and every allegation contained in paragraphs "1" through "53" of this Answer to Counterclaim with the same force and effect as if set forth herein.

55. Denies the allegations contained in paragraph "97" of the Counterclaim.

56. Admits the allegations contained in paragraph "98" of the Counterclaim.

57. Denies the allegations contained in paragraph "99" of the Counterclaim, except admits that a controversy exists between Berkley and SunPower and that Berkley and SunPower are each seeking declaratory judgment.

58. Admits the allegations contained in paragraph "100" of the Counterclaim.

## THIRD CLAIM FOR RELIEF

Declaratory Judgment Regarding Berkley's Duty to Pay Mitigation Costs

59. As and for a response to paragraph "101" of the Counterclaim, Berkley repeats and realleges each and every allegation contained in paragraphs "1" through "58" of this Answer to Counterclaim with the same force and effect as if set forth herein.

60. Denies the allegations contained in paragraph "102" of the Counterclaim.

61. Admits the allegations contained in paragraph "103" of the Counterclaim.

62. Denies the allegations contained in paragraph "104" of the Counterclaim, except admits that a controversy exists between Berkley and SunPower and that Berkley and SunPower are each seeking declaratory judgment.

### FOURTH CLAIM FOR RELIEF

Breach of Contract

63. As and for a response to paragraph "105" of the Counterclaim, Berkley repeats and realleges each and every allegation contained in paragraphs "1" through "62" of this Answer to Counterclaim with the same force and effect as if set forth herein.

64. Denies the allegations contained in paragraph "106" of the Counterclaim.

65. Denies the allegations contained in paragraph "107" of the Counterclaim.

### FIFTH CLAIM FOR RELIEF

Breach of the Implied Covenant of Good Faith and Fair Dealings

66. As and for a response to paragraph "108" of the Counterclaim, Berkley repeats and realleges each and every allegation contained in paragraphs "1" through "65" of this Answer to Counterclaim with the same force and effect as if set forth herein.

67. Denies the allegations contained in paragraph "109" of the Counterclaim, refers the Court to the terms, conditions and exclusions of the Berkley Policy which speak for themselves, and refers all questions of law to the Court.

68. Denies the allegations contained in paragraph "110" of the Counterclaim.

69. Denies the allegations contained in paragraph "111" of the Counterclaim.

70. Denies the allegations contained in paragraph "112" of the Counterclaim.

71. Denies the allegations contained in paragraph "113" of the Counterclaim.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Counterclaims fail to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

There is no coverage under the Berkley Policy for the claims asserted in the Counterclaims for the reasons set forth in Berkley's Complaint.

### THIRD AFFIRMATIVE DEFENSE

The asserted claims are barred because SunPower failed to fully comply with all of the terms and conditions of the Berkley Policy including, but not limited to, notice, assistance, and cooperation.

### FOURTH AFFIRMATIVE DEFENSE

Berkley reserves its right to raise any affirmative defenses as its investigation and discovery continues.

**[Intentionally left blank to end of page]**

**WHEREFORE**, Plaintiff, Berkley Assurance Company, requests judgment dismissing SunPower's Counterclaim, together with such other and further relief as the Court deems just and equitable.

Dated:   November 14, 2023

    Yours, etc.,

    PILLINGER MILLER TARALLO, LLP

    _____
    By: Neil L. Sambursky (NS-8520)
        Chris J. Fichtl (CF-2804)
    *Attorneys for Plaintiff*
    BERKLEY ASSURANCE COMPANY
    1140 Franklin Avenue, Suite 214
    Garden City, New York 11530
    (516) 408-5388
    PMT File No.  N-BALLM-00107.1